FILED
United States Court of Appeals
Tenth Circuit

October 29, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE ARMANDO TRILLO-
GONZALEZ,

    Defendant - Appellant.

No. 19-2018
(D.C. No. 1:18-CR-01578-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Appellant Jorge Trillo-Gonzalez appeals the sentence he received for violating 18

U.S.C. § 922(g)(5) and 8 U.S.C. § 1326(a) and (b), arguing the district court

miscalculated his criminal-history points and therefore applied an overly high U.S.

Sentencing Guidelines range.  The Government concedes the district court committed

plain error that substantially affected Trillo-Gonzalez's rights, and we agree.  We

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

therefore REMAND to the district court with instructions for it to VACATE Trillo-Gonzalez's sentence and to resentence him.

## I.

On July 3, 2018, Trillo-Gonzalez pled guilty to a two-count indictment charging him with being an alien in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5), and with reentry of a removed alien in violation of 18 U.S.C. § 1326(a) and (b). At sentencing the district court used the U.S. Sentencing Guidelines to assess his criminal history category, which the court then used to determine an advisory sentencing range. The court assigned him 14 points, which corresponded to an advisory sentencing range of 92–115 months of imprisonment. From this range, the court varied downward to a prison sentence of 80 months.

Three of Trillo-Gonzalez's 14 criminal history points came from a prior conviction for which his prison sentence was ultimately suspended. Trillo-Gonzalez was convicted in state court in May 2003 for one count of "child abuse" and one count of "driving under the influence of intoxicating liquor or drugs." Aple. Br. at 2. For this conviction, Trillo-Gonzalez received a prison sentence of 3 years and 90 days. However, the original judgment suspended 3 years of this prison sentence, and therefore only 90 days of unsuspended prison time remained. And this 90-day remainder was itself suspended in March 2004 when Trillo-Gonzalez received an amended judgment for his May 2003 conviction. This additional suspension time effectively eliminated his prison sentence altogether. But even though the entirety of Trillo-Gonzalez's prison sentence

2

for his May 2003 conviction was suspended, the district court assigned it 3 criminal history points. Trillo-Gonzalez did not object to this point allocation during sentencing.

Trillo-Gonzalez appeals. He argues that the district court erred by giving his May 2003 conviction 3 criminal history points instead of 1. He contends that because of this miscalculation, the court applied an overly high advisory sentencing range for his most recent convictions.

## II.

This Court reviews sentencing challenges not raised in the lower court for plain error. *Molina-Martinez v. U.S.*, 136 S. Ct. 1338, 1343 (2016) (citing Fed. R. Crim. P. 52(b)). Plain error occurs when the lower court (1) made an error, (2) that was obvious, (3) that affected the defendant's substantial rights, and (4) that "seriously affects the fairness, integrity or public reputation of [the] judicial proceedings." *Id*. (quotations omitted) (quoting *U.S. v. Olano*, 507 U.S. 725, 736 (1993)). Obvious errors in the calculation of a sentencing range can affect the defendant's substantial rights—thereby satisfying the third prong of plain error review—regardless of whether the defendant's ultimate sentence was "within or outside" the miscalculated range. *See U.S. v. Rosales-Miranda*, 755 F.3d 1253, 1259 (10th Cir. 2014). Similarly, such errors in calculating a defendant's sentencing range can "undermine public perception of [judicial] proceedings," and thus satisfy the fourth prong of plain error review. *Rosales-Mireles v. U.S.*, 138 S. Ct. 1897, 1910 (2018).

The sentencing guidelines ascribe criminal history points to prior convictions. U.S.S.G. § 4A1.1. Prior convictions with *unsuspended* prison sentences of more than

thirteen months receive 3 points, and those with *unsuspended* prison sentences of sixty days to thirteen months receive 2 points. § 4A1.2(b)(2). Past convictions with any other "prior sentence" receive only 1 criminal history point. *Id.*

Trillo-Gonzalez contends that because his May 2003 conviction had an unsuspended prison sentence of less than sixty days, it should have received 1 criminal history point instead of 3. As a result, he would have received a total of 12 criminal history points—instead of 14—with a correspondingly lower advisory sentencing range of 84–105 months of imprisonment instead of 92–115 months. Trillo-Gonzalez contends that with a lower advisory sentencing range, the district court's downward variance would have resulted in a lower prison sentence than the 80-month sentence he originally received. He thus argues that he satisfies all four prongs of plain error review and requests that this Court remand to the lower court for resentencing.

The Government concedes that "Trillo-Gonzalez's sentence was based on a guideline calculation error," and his initial advisory sentencing range should have been 84–105 months instead of 92–115 months. Aple. Br. at 7. The Government also recommends that this Court remand the case to the district court. *Id.*

Our review of the record leads us to the same result. We agree that the district court committed plain error in its sentencing calculation, and that resentencing is warranted.

III.

We therefore REMAND to the district court with instructions for it to VACATE Trillo-Gonzalez's sentence and to resentence him based on a U.S. Sentencing Guidelines range of 84–105 months in accordance with this decision.  The Clerk is directed to issue the mandate forthwith.

Entered for the Court

Allison H. Eid
Circuit Judge